JAMES McQUILLAN *vs.* ROSE McQUILLAN *et al.*

JUNE 23, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Equity. Appeal and Error. Final Decrees. Partition.*

A decree in a bill for partition which finds that the parties are entitled to partition of the premises; names a commissioner to sell the premises under specific directions as to the conduct of the sale and directs the commissioner to distribute the proceeds among the parties in accordance with the interests as determined by the decree, is a final decree terminating the litigation on the merits of the cause requiring no further action on the part of the Superior Court except to fix the compensation of the commissioner and to approve his report, and hence is subject to appeal as from a final decree.

*(2) Equity. Appeal and Error. Final and Interlocutory Decrees.*

Gen. Laws, 1909, cap. 289, § 34, providing that whenever in the Superior Court a sale of real or personal property is ordered by an interlocutory decree an appeal may be taken at any time within ten days from its entry, does not contemplate that when an order for the sale of property is contained in a decree which in other respects is a final decree, that the presence of such order will make the decree interlocutory.

BILL IN EQUITY for partition. Heard on motion to dismiss appeal of respondent and granted.

SWEETLAND, J. The above entitled case is a bill in equity for partition of certain real estate in the city of Providence. The cause was heard in the Superior Court upon bill, answer, replication and testimony and thereafter a decree was entered in which it was decreed that the parties were entitled to partition of said real estate; that said real estate cannot be divided by metes and bounds and that the same should be sold at public auction; that a commissioner therein named is .appointed to make such sale in accordance with specific

directions contained in said decree as to the advertisement and conduct of such sale and the delivery of a deed to the purchaser; that the commissioner, after deducting from the proceeds of such sale the expenses of the sale, his own compensation and the costs of the suit, should divide and distribute the residue of the proceeds of such sale among the parties to the suit in accordance with their several interests in said real estate as determined in said decree.

One of the respondents has appealed from this decree as from a final decree. The cause is now before us upon the motion of certain other respondents to dismiss said appeal on the ground that said decree was an interlocutory decree for the sale of real estate and that an appeal was not taken within ten days from the entry thereof as required by statute.

Section 34, Chapter 289, provides that whenever in the Superior Court a sale of real or personal property is ordered by an interlocutory order or decree an appeal may be taken from such order or decree to the Supreme Court at any time within ten days from the entry thereof. It is not the intent of this provision that when an order for the sale of property is contained in a decree, which in other respects is a final decree under our rule, that the presence of such order will make the decree interlocutory, and if an appeal is to be taken from such decree it must be claimed under the provisions of said Section 34 above referred to.

In *McAuslan* v. *McAuslan*, 34 R. I. 462, this court has adopted the rule that a decree to be final under our practice must terminate the litigation of the parties on the merits of the cause so that if there should be an affirmation in this court of the decree appealed from, the Superior Court would have nothing to do but execute its decree already entered. Following that rule in *Angevine* v. *O'Mara*, 35 R. I. 253, we held that a decree of the Superior Court in a partition suit determining the rights of the parties in the real estate to be partitioned and directing a commissioner to sell said real estate and pay the proceeds into court to await the further order of the Superior Court upon the question of the

distribution of the proceeds of such sale was an interlocutory decree as it did not terminate the litigation of the parties on the merits of the cause.　The decree in the case at bar goes farther than that in *Angevine* v. *O'Mara* and conforms to the definition of a final decree which we have adopted.　It finally determines the rights of the parties, provides in full for the relief which the court finds to be necessary and at most will require merely some supplemental order for its enforcement.　If said decree is affirmed in this court there appears to be no further action for the Superior Court to take in the cause except to fix the compensation of the commissioner and to approve his report when he has performed his duties as prescribed in the decree.

The motion to dismiss the appeal is denied.

*Frank L. Hanley*, for complainant.

*Edwin C. Pierce, Peter C. Cannon*, for various respondents.